UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERNEST R. ELLIS,**

      **Plaintiff,**

  v.                              Case No. 2:23-cv-3261
                                      Judge Edmund A. Sargus, Jr.

**BOARD FOR CORRECTION OF**      Magistrate Judge Elizabeth P. Deavers
**NAVAL RECORDS,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Board for Correction of Naval Records ("BCNR")'s Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. (ECF No. 105.) Also pending before the Court are Plaintiff Ernest R. Ellis'ss Motion for Leave of the Civil Claims Court pursuant to Ohio Civil Rule 27 (ECF No. 82), Motion for Discovery (ECF No. 94), and Second Motion for Discovery (ECF No. 95).

For the reasons stated in this Opinion and Order, the Court lacks subject matter jurisdiction over this matter and **TRANSFERS** the case to the Court of Federal Claims. The Court **DENIES without prejudice to refiling** BCNR's Motion to Dismiss. (ECF No. 105.) Mr. Ellis's Motion for Leave of the Civil Claims Court is **DENIED as moot** (ECF No. 82), and his Motions for Discovery are **DENIED without prejudice** (ECF Nos. 94, 95.)

## BACKGROUND

Mr. Ellis, proceeding in this matter *pro se*, was discharged from the United States Navy in August 1975 following his conviction by summary court-martial for two periods of unauthorized absence from service earlier in 1975. (ECF No. 1, PageID 35.) He was discharged "with a general,

under honorable conditions (GEN), characterization of service by reason of unsuitability." (*Id.*) Since then, Mr. Ellis has repeatedly asked courts to review adjudications by BCNR denying his requests to correct his naval records regarding the characterization of his discharge.

Relevant to this lawsuit, Mr. Ellis applied to BCNR in June 2018 for a correction of his naval records, arguing he "should have been honorably medically discharged due to [his] diagnosed neurosis and accompanying symptoms." (*Id.*, PageID 36.) Attached to his Complaint, Plaintiff includes two letters from the United States Department of the Navy, BCNR. The first, dated August 31, 2019, informs Plaintiff that his June 7, 2018 request for correction of his Naval records has been disapproved (BCNR Docket # NR20180004911). (*Id.*, PageID 35.) BCNR stated that it considered Plaintiff's application for correction "in light of the Secretary of Defense's 3 September 2014 memorandum," which provided policy guidance on Naval records corrections requests made by veterans with Post-Traumatic Stress Disorder (PTSD). (*See id.*, PageID 36.)

BCNR denied Mr. Ellis's June 2018 request because, it found, his two periods of unauthorized absence from the military in 1975 were unjustified and his discharge designation already accounted for a determination that he was suffering from early stages of a psychotic disorder at the time. (*Id.*, PageID 36–37.) BCNR thus determined that a designation of "medical discharge was not warranted." (*Id.*, PageID 37.)

In BCNR's second letter to Plaintiff, dated February 22, 2023, the Board informed Plaintiff that it would not consider his February 21, 2022 application for correction of records because he was previously denied relief. (*Id.*, PageID 30.) It informed Plaintiff that he may submit a new DD Form 149 ("Application for Correction of Military Record"), along with new evidence, to initiate BCNR's reconsideration of its August 31, 2019 decision. (*Id.*) BCNR also stated "[i]n the absence of sufficient new and material evidence for reconsideration, the decision of the Board is final, and

your only recourse would be to seek relief, at no cost to the Board, from a court of appropriate jurisdiction." (*Id.*)

Mr. Ellis filed a Complaint in this Court on October 4, 2023, which the Court construes as seeking review and reversal of the BCNR's August 2019 denial of Mr. Ellis's June 2018 application for correction of his Naval records. (ECF No. 1.) Liberally construing the Complaint, which is difficult to read and understand, Mr. Ellis requests a change in his discharge status to "Honorable Medical Discharge at the rate of 100% disability." (*Id.*, PageID 7.) He also asks the Court to "expunge the [unauthorized absence] time" for his two periods of absence between March and July 1975. (*Id.*, PageID 35.)

BCNR moved to dismiss, arguing this Court lacks jurisdiction over Mr. Ellis's claims, and even if it did have jurisdiction, Mr. Ellis's Complaint fails to state a claim for relief. (ECF No. 105.) Mr. Ellis responded in opposition. (ECF No. 109.) BCNR replied. (ECF No. 115.)

Since Mr. Ellis filed the Complaint, over one hundred ECF entries have been docketed, including at least sixty filings by Mr. Ellis. The Court ordered Mr. Ellis to stop filing documents in this case pending resolution of BCNR's Motion to Dismiss. (ECF No. 122.)

## LEGAL STANDARD

### I. Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A court may dismiss an action under Rule 12(b)(1) when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for a lack of subject matter jurisdiction falls into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). BCNR raises both a facial challenge and a factual challenge to this Court's jurisdiction, but only BCNR's facial attack is relevant to this Opinion and Order. (ECF No. 105, PageID 1321.)

A facial attack challenges the sufficiency of the pleading itself, and the district court accepts the allegations of the complaint as true. *Ritchie*, 15 F.3d at 598. To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Dehen v. Ohio State Univ.*, No. 2:23-cv-517, 2023 WL 4842706, at *2 (S.D. Ohio June 5, 2023) (Watson, J.) (citing *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016)).

## II. *Pro Se* Litigants

Courts liberally construe pleadings by *pro se* litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

## ANALYSIS

After briefly discussing the status of Mr. Ellis's claims, the Court considers whether there is subject matter jurisdiction over the Complaint.

### I. Interpretation and Status of Mr. Ellis's Claim

As previously noted by the Court, on September 3, 2014, then-U.S. Secretary of Defense Chuck Hagel issued a memorandum, titled "Supplemental Guidance to Military Boards for Correction of Military/Naval Records Considering Discharge Upgrade Requested by Veterans Claiming Post Traumatic Stress Disorder." (ECF No. 74, PageID 939, n.1); United States Secretary of Defense, *Supplemental Guidance to Military Boards for Correction of Military/Naval Records* (Sept. 3, 2014), https://www.secnav.navy.mil/mra/bcnr/Documents/HagelMemo.pdf ("Hagel Memorandum"). The Hagel Memorandum included policy guidance "intended to ease the application process for veterans who are seeking redress and assist the Boards [for Correction] in reaching fair and consistent results in" cases where veterans request discharge upgrades "based on previously unrecognized [PTSD]." *Id.* The Court takes judicial notice of the Hagel Memorandum as a public government record. *See Total Benefits Plan. Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) (Barrett, J.) (holding the Court may take judicial notice of "public records and government documents available from reliable sources on the Internet").

Mr. Ellis asks this Court to review the August 2019 adjudication by BCNR denying his July 2018 application for correction of military records. This is the latest in a long line of federal cases Mr. Ellis has filed since at least 1983 regarding the categorization of his 1975 discharge from the U.S. Navy. (*See* ECF No. 105, PageID 1332–33 (collecting cases)). As BCNR observes, this Court has previously placed filing restrictions on Mr. Ellis and has sanctioned him due to his failure to comply with those restrictions. (*See id.*, PageID 1333–35.) The Court acknowledges that Mr. Ellis has not complied with those filing restrictions in this case, including requirements to list every prior case he has filed and for an attorney to certify that his claims are warranted. But to this

Court's knowledge, this is the only case Mr. Ellis has filed in this Court challenging BCNR's rejection of his July 2018 application for correction of his Naval records, following the Hagel Memorandum. Given Mr. Ellis's *pro se* status, the Court considers its jurisdiction over the case based on BCNR's jurisdictional arguments in its Motion to Dismiss.

This Court generously construes Mr. Ellis's complaint as raising claims under the Administrative Procedure Act ("APA") and has afforded him extraordinary time and guidance to properly effectuate service. (*See* ECF No. 74 (construing Mr. Ellis's Complaint and providing resources regarding proper service)). The docket reflects that service has been completed on the U.S. Navy, the U.S. Attorney General, and the U.S. Attorney's Office. (ECF Nos. 113, 117, 120.)

## II. Lack of Subject Matter Jurisdiction

BCNR argues the Court lacks subject matter jurisdiction because Mr. Ellis's "requested relief of an 100% military disability rating and restoring of his lost unauthorized access time entail the payment of monetary damages in excess of $10,000, falling under the exclusive jurisdiction of the Court of Federal Claims." (ECF No. 105, PageID 1323.) The Court agrees.

BCNR was created "for the purpose of determining the existence of error or injustice in the naval records of current and former members of the Navy and Marine Corps, to make recommendations to the Secretary or to take corrective action on the Secretary's behalf when authorized." 32 C.F.R. § 723.2(b). "Federal courts have the authority to review the decision of a military board of correction under the Administrative Procedure Act (APA)." *Bolton v. Dep't of the Navy Bd. for Corr. of Naval Recs.*, 914 F.3d 401, 406 (6th Cir. 2019) (citing 5 U.S.C. § 701 *et seq.*; *Piersall v. Winter*, 435 F.3d 319, 323–25 (D.C. Cir. 2006)). "Decisions of the BCNR are 'subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence.'" *Id.* (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)); *see also* 10

U.S.C. § 1558(f)(3)(A) (authorizing a court to set aside an action of the Secretary of any military department "only if the court finds that the recommendation or action was—(A) arbitrary or capricious; (B) not based on substantial evidence; (C) a result of material error of fact or material administrative error; or (D) otherwise contrary to law").

Congress's waiver of the United States's sovereign immunity under the APA extends only to claims in U.S. District Courts "seeking relief other than money damages," 5 U.S.C. § 702, and claims seeking review of "final agency action for which there is no other adequate remedy in a court," *id.* § 704. The proper forum for damages claims against the United States depends, in part, on the amount sought. Under the Tucker Act, "[f]ederal district courts do not have subject matter jurisdiction to consider just-compensation claims for money damages in excess of $10,000 against the United States. Rather the Tucker Act vests jurisdiction over such claims in the Court of Federal Claims." *Brott v. United States*, 858 F.3d 425, 428 (6th Cir. 2017).

Mr. Ellis's request for "Honorable Medical Discharge at the rate of 100% disability" equates to a request for full receipt of disability retirement pay since 1975. (*See* ECF No. 1, PageID 7.) As calculated by BCNR and unrefuted by Mr. Ellis, Mr. Ellis's requested discharge status change would result in him being owed approximately $93,000 in backpay. (*See* ECF No. 105, PageID 1326.) His request to expunge his unauthorized absence designations could also result in backpay damages that would add to this total. (*See id.*, PageID 1327.)

Although on the surface Mr. Ellis requests injunctive relief, "a party cannot circumvent the [Tucker Act]'s jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is tantamount to a judgment for money damages." *Veda, Inc. v. U.S. Dep't of the Air Force*, 111 F.3d 37, 39 (6th Cir. 1997) (citing *A.E. Finley & Assoc., Inc. v. United States*, 898 F.2d 1165, 1167 (6th Cir. 1990)). Where the "prime objective of the complaining party is simply to obtain

7

money from the federal government, the case belongs in the Court of Federal Claims." *Sosa v. Sec'y, Dep't of Def.*, 47 F. App'x 350, 351 (6th Cir. 2002); *see also Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 361 (5th Cir. 1987) ("Where the real effort of the complaining party is to obtain money from the federal government, the exclusive jurisdiction of the [Claims Court] . . . cannot be evaded or avoided by framing a district court complaint to appear to seek only injunctive, mandatory or declaratory relief against government officials or the government itself." (citation omitted)).

Furthermore, in a filing titled "Motion for Leave of the Civil Claims Court pursuant to Ohio Civil Rule 27," it appears Mr. Ellis seeks relief from the Court of Federal Claims. (ECF No. 82, PageID 1022.) Accordingly, Mr. Ellis might concede that the Court of Federal Claims is the proper forum for his claims.

Because Mr. Ellis ultimately seeks damages exceeding $10,000, this Court lacks subject matter jurisdiction, and transfer to the Court of Federal Claims is warranted. *See Sosa*, 47 F. App'x at 352 ("Pursuant to 28 U.S.C. § 1631, a district court, when it lacks subject matter jurisdiction over a case seeking review of an administrative action, shall transfer the civil action to the appropriate court for such review, if it is in the interests of justice."). This disposition is in line with decisions by other federal courts under similar circumstances. *See, e.g., id.* at 352 (holding that the district court did not have subject matter jurisdiction over plaintiff's claim seeking correction of military records and 100% disability retirement pay and remanding for the district court to transfer the case to the Court of Federal Claims); *Bublitz v. Brownlee*, 309 F. Supp. 2d 1, 9 (D.D.C. 2004) (transferring case to Court of Federal Claims in similar circumstances).

BCNR's arguments that Mr. Ellis's claims are barred by applicable statutes of limitation should be resolved in the Court of Federal Claims. *See Sosa*, 47 F. App'x at 352. Accordingly, the

Court **DENIES without prejudice to refiling** BCNR's Motion to Dismiss. (ECF No. 105.)

Last, given the early stage of this case, the statute of limitation issues raised, and the transfer to the Court of Federal Claims, the Court finds Mr. Ellis's Motions for Discovery are premature. Additionally, the Court has not yet issued a Preliminary Pretrial Order permitting discovery. Mr. Ellis's Motions for Discovery are **DENIED without prejudice**. (ECF Nos. 94, 95.)

## CONCLUSION

The Court lacks subject matter jurisdiction over Mr. Ellis's claims, which should be raised in the Court of Federal Claims. Accordingly, the Court **DENIES without prejudice to refiling** Defendant Board for Correction of Naval Records's Motion to Dismiss. (ECF No. 105). Plaintiff Ernest R. Ellis's Motion for Leave of the Civil Claims Court pursuant to Ohio Civil Rule 27 is **DENIED as moot**. (ECF No. 82.) Mr. Ellis's Motion for Discovery (ECF No. 94) and Second Motion for Discovery (ECF No. 95) are **DENIED without prejudice**.

The Clerk is **DIRECTED** to **TRANSFER** this case to the Court of Federal Claims and to close this case on this Court's docket.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/28/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |